UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DONNELL SAIN,

      Plaintiff,                                  Case No. 1:11-cv-63

v                                            HON. JANET T. NEFF

PATRICIA CARUSO, et al.,

      Defendants.

_____/

## OPINION AND ORDER

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged violations of Plaintiff's Eight Amendment rights. Defendants Correctional Medical Services ("CMS"), Prison Health Services ("PHS"), Ingraham, and LaNora filed motions to dismiss and Defendants Abdellatif and Hubbell filed motions for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motions. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Also before the Court are Defendants' responses in opposition to Plaintiff's Objection. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

      Plaintiff makes numerous objections to the Magistrate Judge's determinations that are duplicative of arguments raised earlier. First, he objects to the Magistrate Judge's application of the

summary judgment standard (Pl. Obj., Dkt 47 at 1-3; R & R, Dkt 46 at 6). He also objects to the Magistrate Judge's following findings and determinations: (1) that Defendants CMS and PHS may not be held liable under the Eighth Amendment for the acts or omissions of their employees (Pl. Obj., Dkt 47 at 3-4; R & R, Dkt 46 at 8-9); (2) that Defendant Abdellatif is entitled to summary judgment (Pl. Obj., Dkt 47 at 4-7; R & R, Dkt 46 at 12); (3) that his claims against Defendants Ingraham and LaNora should be dismissed (Pl. Obj., Dkt 47 at 8-9; R & R, Dkt 46 at 12-13); and (4) that Defendant Hubbell is entitled to summary judgment (Pl. Obj., Dkt 47 at 9-10; R & R, Dkt 46 at 13-14).

## I. Application of Summary Judgment Standard

In his objection (Pl. Obj., Dkt 47 at 2), Plaintiff quotes the Magistrate Judge's statement of the summary judgment standard: "A party moving for summary judgment can satisfy its burden by demonstrating 'that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case'" (R & R, Dkt 46 at 6, quoting *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005)). Plaintiff argues that "no where in any of the Defendants [sic] pleadings did they claim 'Plaintiff had sufficient opportunity for discovery'" (Pl. Obj., Dkt 47 at 2). Plaintiff notes that his Complaint contains a request to "order discovery" (*id.* at 2).

While parties are generally free to make motions to compel discovery, such motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). No such certification has been presented to this Court. Further, this Court notes that eight months elapsed between the time Plaintiff filed his complaint and the filing of the

first motion for summary judgment.  The Court finds, therefore, that Plaintiff has had a sufficient opportunity for discovery.  His argument is without merit, and his objection is therefore denied.

Plaintiff's Objection (Pl. Obj., Dkt 47 at 2) next quotes the portion of the Report and Recommendation that states "the non-moving party 'must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial'" (R & R, Dkt 46 at 6, quoting *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006)).  Plaintiff argues that "he has present [sic] volumes of Exhibits" in support of his claims (Pl. Obj., Dkt 47 at 2).  While Plaintiff has submitted a substantial amount of material to this Court, for reasons explained *infra* and in the Report and Recommendation (Dkt 46), Plaintiff has failed to create a genuine fact issue for trial.

Plaintiff also references four affidavits executed by fellow prisoners that are attached to his Objection (Affs., Dkt 47-2).  Parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate."  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Further, as has been stated elsewhere in this circuit, "'litigants cannot be permitted to use litigation before a magistrate judge as something akin to spring training exhibition game, holding back evidence for use once the regular season begins before the district judge.'"  *Dyer v. Montgomery County Jail*, No. 3:10-cv-129, 2011 WL 1322896, at *4 (M.D. Tenn. Apr. 6, 2011) (quoting *Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005)).  These affidavits, therefore, are not properly before the Court.

Even if the affidavits were properly before this Court, their contents do not advance Plaintiff's case.  Taken together, they at best establish that Plaintiff has suffered from chronic pain

for some time (*see* Affs., Dkt 47-2).  Plaintiff's argument is without merit, and his objection is therefore denied.

## II.  Defendants CMS and PHS

Plaintiff argues that the Magistrate Judge ignored "the fact that Plaintiff made two (2) different claims against (CMS)" and that he "also made two different claims against (PHS)" (Pl. Obj., Dkt 47 at 3).  These claims are for "a 'direct link'" and "supervisor liability" (*id.*).  Plaintiff also "request[s] in his object [sic] that this Honorable Court not hold Plaintiff to the rationale of Monell v. Dep't of Social Servs.[sic], 436 U.S. 658, 694 (1978)" (*id.* at 3-4).  In support of his request, Plaintiff quotes from a contract purported to be between the State of Michigan and PHS that states, "Contractor will be solely and entirely responsible for its acts and the acts of its agents, employees, servants, and subcontractors . . ." (*id.* at 4).  Plaintiff argues that this contract language "would negate any and all applicability of Monell . . ." (*id.*).

In *Monell*, the Supreme Court stated that a governmental unit "cannot be sued under § 1983 for an injury inflicted solely by its employees or agents."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  "To prevail in a § 1983 suit against a [governmental unit], a plaintiff must show that the alleged federal right violation occurred because of a . . . policy or custom" of the governmental unit.  *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  Assuming the quoted language comes from an actual contract between the State of Michigan and PHS, such an agreement would not act to free Plaintiff of "the rationale of Monell."  Plaintiff has failed to establish that the alleged violation of his constitutional rights occurred *because of* a policy or custom of either PHS or CMS.  Plaintiff's argument is without merit, and his objection is therefore denied.

4

### III.  Defendant Abdellatif

Plaintiff next objects to the Magistrate Judge's determination that Defendant Abdellatif is entitled to summary judgment (Pl. Obj., Dkt 47 at 4).  Plaintiff reiterates his arguments that he did not receive adequate treatment for his perceived malady and accuses the Magistrate Judge of "misstat[ing] information that was not true" (*id.* at 5); "do[ing] exactly what the Sixth Circuit ruled against" (*id.* at 6); "finding proof that simply does not exist" (*id.* at 7); and "clearly disregard[ing] . . . facts that refutes [sic] Defendant claims, denying [Plaintiff] due process in fairly deciding his claims" (*id.*).  Defendant states as a conclusion that he has "established the 'subjective' element of his deliberate indifference claim against Defendant Abdellatiff [sic]" (*id.*).

As the Magistrate Judge indicated, to state a claim for deliberate indifference to an inmate's serious medical needs under the Eighth Amendment, a plaintiff must show: (1) that a "serious medical need" existed, which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008); and (2) that the defendant was subjectively aware that the plaintiff "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  The Magistrate Judge noted that alleging what amounts to medical malpractice does not state a claim under the Eighth Amendment (R & R, Dkt 46 at 10).

Plaintiff has presented no new arguments to support his claim that Defendant Abdellatif's actions met the subjective prong of the deliberate indifference test.  Plaintiff merely reiterates his argument "that he never conceded that Dr. Abdellatif examined him when it has been his 'firm stance' that Dr. Abdellatif never examined him for his headaches and neck pain and there is nothing

in his treatment notes that proves otherwise" (Pl. Obj., Dkt 47 at 6).  At best, Plaintiff has alleged negligence on the part of Defendant Abdellatif.  Because negligence does not state a claim under the Eighth Amendment, Plaintiff's argument is without merit, and his objection is therefore denied.

### IV.  Defendants LaNora and Ingraham

Plaintiff next objects to the Magistrate Judge's determination that his claims against Defendants LaNora and Ingraham should be dismissed under Rule 12(b)(6) (Pl. Obj., Dkt 47 at 8). Plaintiff repeats his allegations against Defendants, claiming that Defendant LaNora "was obligated by law to treat plaintiff" and that Defendant Ingraham "was obligated by law to treat Plaintiff regardless of the adversities that he may have been faced with" (*id.*).  As the Magistrate Judge determined, these are conclusions of law rather than allegations of fact that would entitle Plaintiff to relief (R & R, Dkt 46 at 12-13).  Because no facts have been alleged that could entitle Plaintiff to relief, his argument is without merit, and his objection is therefore denied.

### V.  Defendant Hubbell

Finally, Plaintiff objects to the Magistrate Judge's  determination that Defendant Hubbell is entitled to summary judgment (Pl. Obj., Dkt 47 at 9-10).  Plaintiff argues that when Defendant Hubbell interviewed him regarding his grievance filings she had "the authority, if not the obligation, to treat Plaintiff accordingly [sic] to the condition he was in at the time, not as a [sic] interviewer but as a health care provider and failure to inquire futher into, and treat, Plaintiffs [sic] severe pain, constitute [sic] deliberate indifference" (*id.* at 9).  Plaintiff cites *McElligot v. Foley*, 182 F.3d 1248 (11th Cir. 1999), to support this proposition.  No facts in that case, however, are analogous to the facts in the present case.  Plaintiff's argument is without merit, and his objection is therefore denied.

Plaintiff also objects to the Magistrate Judge's rejection of his third claim against Defendant Hubbell, stating, "The magistrate appears to be under the impression that Plaintiff was merely asking Defendant Hubbell for a medical collar and she denied his request" (Pl. Obj., Dkt 47 at 9). Rather, Plaintiff argues, Defendant Hubbell knew or should have known that he had been prescribed a cervical collar and that "a prescribed course of treatment is binding on medical personnel and failure to carry out the . . . treatment . . . constitutes deliberate indifference" (*id.* at 9-10). Plaintiff cites *Scott v. Ambani*, 577 F.3d 642 (6th Cir. 2009), to support this proposition. No facts in that case, however, are analogous to the facts in the present case. Even if *Scott* did hold that failure to carry out a prescribed course of treatment constitutes deliberate indifference, Plaintiff has offered no evidence that Defendant Hubbell knew or should have known about his earlier prescription for a cervical collar. Plaintiff's argument is without merit, and his objection is therefore denied

## V.  Conclusion

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 47) are DENIED, and the Report and Recommendation (Dkt 46) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions to Dismiss (Dkts 18 & 22) are GRANTED.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (Dkts 29 & 38) are GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: February 28, 2012                         /s/ Janet T. Neff
                                                 JANET T. NEFF
                                                 United States District Judge

8